IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  1:19-CR-00059 |
| v. | ) | |
| | ) | **GOVERNMENT'S** |
| MATHEW SCOTT CARSON, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney and hereby respectfully submits this sentencing memorandum.  In support, the government states the following:

Defendant is scheduled to be sentenced on July 16, 2020, following defendant's plea of guilty on to Counts 2 and 3 of the Indictment that being Possession with Intent to Distribute 5 grams or more of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and Carry a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).  The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 70-87 months' imprisonment, based upon a Total Offense Level of 25, and a Criminal History Category of III. (PSR ¶ 117).  Count 3 requires a sentence of 60 months consecutive to the sentence imposed in Count 2. (PSR ¶ 116).  The government and defendant are recommending to the Court a sixty month sentence as to Count 2. (PSR ¶ 118).

## I.  Advisory Guideline Range Calculation:

The government contends that the PSR properly calculated the advisory guideline range as set forth in the PSR.  The base offense level is 28 pursuant to USSG §2D1.1(a)(5), (C)(6). (PSR

¶ 21).  The defendant's offense level is 28 after a 3-level decrease for acceptance of responsibility pursuant to USSG §3E1.1(a),(b) for an offense level of 25. (PSR ¶¶ 28-30).

## II.  18 U.S.C. § 3553(a) FACTORS:

The Court clearly has the authority to vary from the recommended sentence in the PSR based on factors listed in 18 U.S.C. § 3553(a) but is not required to do so.  In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established as a starting point. "[A] District Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009).  After completing the guideline calculations, the Court may consider additional factors to determine a reasonable sentence.

As the court is aware, the factors the court must use to determine a reasonable sentence are enumerated in 18 U.S.C. § 3553(a).  In review of the nature and circumstances of the offense as well as the seriousness of the offense, the recommended sentence by the parties is appropriate.

          Respectfully Submitted,

          Marc Krickbaum
          United States Attorney

By:  */s/ Shelly Sudmann*
     Shelly Sudmann
     Assistant United States Attorney
     8 South 6th Street, Suite 348
     Council Bluffs, Iowa 51501
     Tel: 712-256-5009
     Fax: 712-256-5112
     Shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2020,
I electronically filed the foregoing with the
Clerk of Court using the CM ECF system.
I hereby certify that a copy of this document
was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  _____ Fax  _____Hand Delivery

 X    ECF/Electronic filing    \_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/ PAC*_____
     Paralegal Specialist